UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                  Criminal Case No. 13-20298

Scott R. Detloff,                           Honorable Sean F. Cox

    Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION
## TO WITHDRAW PLEA AGREEMENT AND DISMISS INDICTMENT

This matter is currently before the Court on a *pro se* "Motion to Withdraw Guilty Plea And Dismiss Indictment" filed by Defendant Scott Detloff ("Detloff"). In this motion, Detloff asks the Court to allow him to withdraw his guilty plea so that he can pursue a motion to dismiss the Indictment. The parties have briefed the issues and the Court heard oral argument on July 16, 2014. For the reasons that follow, the Court concludes that Detloff has not established a fair and just reason to withdraw his guilty plea and the Court shall therefore deny his motion.

## BACKGROUND

On March 13, 2014, Defendant Detloff pleaded guilty, pursuant to a Rule 11 Plea Agreement, to Count Four of the Indictment.

This Court accepted Detloff's guilty plea on March 13, 2014. Before doing so, however, this Court engaged in a lengthy colloquy with Detloff. (*See* 3/13/14 Tr.). Detloff stated, under oath and on the record, that he wished to plead guilty to Count Four of the Indictment. After asking Detloff to answer several questions regarding his competency to plead guilty, this Court

1

determined that Detloff was competent to plead guilty. The Court then advised Detloff of the charges against him, as well as the sentencing consequences of those charges. Detloff confirmed that he understood the charges as well as the sentencing consequences of the charges, that he had discussed the same with his attorney, and that he had no questions regarding the charges or the sentencing consequences of the charges. The Court then reviewed the Rule 11 Agreement with Detloff and Detloff confirmed that his attorney had answered each and every question he had regarding anything contained in the Rule 11 Agreement. Detloff also confirmed that he was satisfied with the advice and service his attorney had provided to him in this case. This Court advised Detloff of the rights he would be giving up by pleading guilty, including his right to present a defense to the charges, and Defendant indicated that, understanding those rights, he still wished to plead guilty to Count Four of the Indictment. Detloff provided a factual basis for his guilty plea and later stated on the record that he was voluntarily pleading guilty and that no one had coerced him to do so.

Detloff is represented by appointed counsel in this action. Nevertheless, Detloff filed a *pro se* motion on June 25, 2014, seeking to withdraw his guilty plea. The motion indicates that, sometime after May 16, 2014, Detloff had asked his Counsel to file a Motion to Dismiss on his behalf, and a motion to withdraw his guilty plea, and that his Counsel refused to do so.

The Government opposes Detloff's Motion to Withdraw Guilty Plea and filed a brief in opposition to it.

The Court heard the Motion to Withdraw on July 16, 2014. At that time, Detloff argued in support of the motion, with his Counsel available to him.

**ANALYSIS**

In his motion, Detloff asks the Court to allow him to withdraw his guilty plea, so that he

can then ask the Court to dismiss the Indictment, based upon alleged violations of the Interstate Agreement on Detainers and the Speedy Trial Act. Thus, the Court will first consider whether it will allow Detloff to withdraw his guilty plea.

Rule 11(d) of the Federal Rules of Criminal Procedure governs withdrawal of guilty pleas and provides:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
> (1) before the court accepts the plea, for any reason or no reason; or
> (2) after the court accepts the plea, but before it imposes sentence if:
> (A) the court rejects a plea agreement under Rule 11(c)(5); or
> (B) the defendant can show a fair and just reason for requesting the withdrawal.

FED. R. CRIM. P. 11(d). "This rule is designed 'to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'" *United States v. Ellis*, 470 F.3d 275, 280-81 (6th Cir. 2006) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). "A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *Id*.

Here, Defendant Detloff pleaded guilty to Count Four of the Indictment on March 13, 2014. At that time, the Court accepted the guilty plea but took the Rule 11 Agreement under advisement. Because the Court accepted the guilty plea, and has not rejected the Rule 11 Agreement, Detloff may withdraw his guilty plea before the Court imposes sentence only if he "can show a fair and just reason for requesting the withdrawal."

"The permission to withdraw a guilty plea prior to sentencing is a matter within the broad

discretion of the district court," and is reviewed on appeal for abuse of discretion. *United States v. Valdez,* 362 F.3d 903, 912 (6th Cir. 2004). District courts within the Sixth Circuit are to consider a number of factors to determine whether a defendant has met his burden of proving that the withdrawal of his guilty plea is for a fair and just reason, including: 1) the amount of time that elapsed between the plea and the motion to withdraw it; 2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the degree to which the defendant has had prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion to withdraw is granted. *United States v. Ellis*, 470 F.3d at 281. These factors are a general, non-exclusive list and no one factor is controlling. *Id.*

After consideration of these factors, this Court concludes that Defendant Detloff has not established a fair and just reason to withdraw his guilty plea and the Court shall therefore deny his motion.

One factor that the Court is to consider "is the length of time between the entry of the guilty plea and the filing of the motion to withdraw it." *United States v. Spencer*, 836 F.3d 236, 239 (6th Cir. 1987). Here, Defendant Detloff did not promptly pursue or file his motion seeking to withdraw his guilty plea. Detloff pleaded guilty on March 13, 2014, and waited more than two full months to advise his counsel that he wished to withdraw his guilty plea. And Detloff waited another month after his Counsel declined to file a motion to withdraw on his behalf before he filed his *pro se* motion. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The

4

purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id*. This factor therefore weighs against allowing Defendant to withdraw his plea. *See United States v. Spencer*, 836 F.2d at 239 (delay of five weeks supported denial of motion to withdraw guilty plea); *United States v. Mise*, 27 Fed. App'x 408, 413 (6th Cir. 2001) (delay of eighty-one days supported denial of motion to withdraw guilty plea).

Next, the Court considers whether Defendant has asserted or maintained his innocence. *United States v. Spencer*, 836 F.2d at 239. This factor also weighs against allowing Detloff to withdraw his guilty plea because he has not asserted, at any time during this action, that he is innocent of the charges.

This Court also finds that the circumstances underlying the entry of the guilty plea also weigh against allowing Detloff to withdraw his guilty plea. This Court engaged in an extensive, and careful, colloquy with Detloff before accepting his guilty plea and Detloff repeatedly confirmed that he understood the charges against him, understood the factual basis for his plea, understood the terms of the Rule 11 Agreement, was satisfied with his representation by his counsel, and had no questions for his counsel about his case. Detloff also stated, under oath and on the record, that no one had coerced him to plead guilty and that he was pleading guilty freely and voluntarily because he is guilty and because it was his choice to plead guilty.

Finally, Detloff's nature and background, and his prior experience with the criminal justice system, also weigh against allowing him to withdraw his guilty plea. Detloff is forty-eight years old and has a college degree. Moreover, Detloff has a rather extensive criminal history and, as a result, he is very familiar with the criminal justice system.

Accordingly, the Court finds that Detloff has not established a fair and just reason to withdraw his guilty plea and the Court will not allow him to with draw his guilty plea. Given that ruling, the Court need not address or analyze Detloff's arguments concerning the Interstate Agreement on Detainers or the Speedy Trial Act.[1]

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Withdraw Guilty Plea And Dismiss Indictment is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

---

[1] Further, as Counsel for the Government and Counsel for Detloff both recognized on the record on July 14, 2014, those arguments are without a basis in fact or law.