UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,                Criminal Case No. 13-20298
                                                   Civil Case No. 15-13329

v.

                                                   Sean F. Cox
Scott R. Detloff,                            United States District Court Judge

    Defendant/Petitioner.
_____/

**OPINION & ORDER
ON MOTION UNDER 28 U.S.C. § 2255**

Defendant/Petitioner Scott R. Detloff ("Detloff") pleaded guilty to one count of mail theft, in violation of 18 U.S.C. § 1708, and was sentenced to a term of 60 months of imprisonment. The matter is now before the Court on Detloff's Motion to Vacate Sentence, brought under 28 U.S.C. § 2255, which asserts that Detloff's attorneys provided ineffective assistance of counsel to him. The parties have fully briefed the issues and the Court concludes that an evidentiary hearing is not necessary.

As explained below, the Court denies Detloff's ineffective-assistance-of-counsel claims pertaining to attorney Marshall Goldberg's representation, and his claim that attorney Mark Satawa provided ineffective assistance of counsel as to his plea agreement, for lack of merit and declines to issue a certificate of appealability as to those claims. However, the Court shall grant Detloff's motion as to his claim that he was constructively denied counsel at sentencing, by virtue of attorney Mark Satawa's conduct at sentencing. As such, the Court concludes that Detloff is entitled to be RESENTENCED by this Court as to his mail theft conviction in

1

Criminal Case No. 13-20298.

## BACKGROUND

In Criminal Case Number 13-20298, Detloff was charged with: 1) Use of Counterfeit Access Device, in violation of 18 U.S.C. § 1029(a)(1) (Count One); 2) Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Count Two); 3) Bank Fraud, in violation of 18 U.S.C. § 1344 (Count Three); 4) Theft of United States Mail, in violation of 18 U.S.C. § 1708 (Count Four); and 5) Possession of Stolen Securities of the States and Private Entities, in violation of 18 U.S.C. § 513(a) (Count Five).

Detloff was provided counsel, Marshall Goldberg ("Goldberg"), who represented Detloff in all proceedings until January 24, 2014.

Goldberg filed several pretrial motions on Detloff's behalf, including a Motion to Suppress Evidence (D.E. No. 27) that sought to suppress evidence seized from a vehicle that Detloff had been driving on the date of his arrest.

After full briefing by the parties, and an evidentiary hearing that was held over the course of several days, this Court denied that motion in a December 30, 2013 Opinion & Order. (*See* Docket Entry No. 48).

The Court allowed Goldberg to withdraw as counsel on January 24, 2014, after Detloff expressed that he was not satisfied with Goldberg's representation.

After the Court allowed Goldberg to withdraw, Detloff was provided with new counsel. Attorney Mark Satawa ("Satawa") began representing Detloff on January 27, 2014.

On March 13, 2014, pursuant to a Rule 11 Agreement, Detloff pleaded guilty to Theft of United States Mail in violation of 18 U.S.C. § 1708. In exchange for his plea, the government

agreed to dismiss the remaining charges against Detloff. The parties agreed to a guidelines range of 57 to 71 months, reserving Detloff's right to dispute two elements of the guidelines calculation at sentencing. In paragraph 2(B), the plea agreement carved out a right for Detloff to dispute 1) a two-level enhancement based on the premise that there were ten or more victims of his criminal conduct, and 2) the aggregate amount of loss calculated by the Government. Detloff also agreed, as part of the Rule 11 plea, to waive appeal of his conviction, and to waive appeal of his sentence unless it exceeded the agreed-to range of 57 to 71 months.

On June 25, 2014, three months after he entered his guilty plea, and while he was still represented by Satawa, Detloff filed a *pro se* motion to withdraw his guilty plea and dismiss the indictment. (D.E. No. 63). Detloff argued that the Government's handling of the case, and in particular the lengthy delays between the federal complaint, the indictment, and his initial appearance, violated the Interstate Agreement on Detainers, the Speedy Trial Act, and the Speedy Trial Clause of the Sixth Amendment. Detloff asserted that Satawa had refused to file the motion on his behalf based on Satawa's position that no violation had occurred.

On July 2, 2014, Satawa filed a Sentencing Memorandum on behalf of Detloff. (D.E No. 66).

The next day, on July 3, 2014, Satawa filed a motion to withdraw as defense counsel. (D.E. No. 67). Satawa's motion cited conflicts with his client over Satawa's refusal to file the motion to withdraw the guilty plea or to file certain objections to the presentence report that Satawa believed to lack a proper foundation in the facts and the law. The motion stated that Satawa believed his continued representation of Defendant would conflict with his obligations under Michigan Rules of Professional Conduct and would jeopardize Detloff's constitutional

3

right to effective counsel. (*Id.* at 3).

The Court heard the motion to withdraw on July 14, 2014. At that time, Satawa reiterated his concerns about Detloff's insistence that he file motions and objections that he believed to be improper. Detloff, however, informed the Court that he wanted Satawa to continue representing him.

This Court denied Satawa's motion to withdraw as defense counsel, and ordered that Satawa act as stand-by counsel to Detloff at Sentencing.

In an Order issued on July 14, 2014, this Court also denied Detloff's motion seeking to withdraw his guilty plea. (D.E. No. 73).

On July 16, 2014, this Court held a sentencing hearing regarding Detloff's mail theft conviction, and regarding a supervised release violation. This Court ultimately sentenced Detloff to 60 months imprisonment on the mail theft charge, to run concurrently with any undischarged state sentence. This Court also imposed a 24-month sentence on the supervised release charge, to be served consecutively to the mail theft sentence.

Detloff filed a direct appeal. The Sixth Circuit granted Satawa's motion to withdraw and appointed new counsel to represent Detloff on appeal. In his direct appeal, Detloff: 1) appealed his conviction and sentence, entered pursuant to his Rule 11 plea agreement, for mail theft; and 2) appealed his 24-month custodial sentence imposed for his violation of supervised release. On July 15, 2015, the Sixth Circuit issued a decision on Detloff's direct appeal, wherein it: 1) ruled that Detloff's waiver of the right to appeal in his Rule 11 Agreement precluded review of his claims that this Court abused its discretion in denying his motion to withdraw plea and precluded his challenge to his sentence; 2) declined to address Detloff's claim that he suffered a

constructive denial of counsel at sentencing, ruling that claim could be raised in post-conviction proceedings; and 3) vacated Detloff's supervised release sentence and remanded for resentencing. *United States v. Detloff,* 794 F.3d 588 (6th Cir. 2015).

On September 21, 2015, Detloff filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence. (D.E. No. 94). Detloff used a "fill-in-the-blanks" form order for his § 2255 Motion. Detloff did not file a supporting brief or a reply after the Government filed its brief in opposition to his motion.

On February 16, 2016, this Court issued an order appointing counsel to represent Detloff for purposes of his pending § 2255 motion. (D.E. No. 101). Attorney Robyn Frankel ("Frankel") was appointed to represent Detloff.

Thereafter, Detloff filed motions asking to add an additional claim and requesting that the Court appoint a different attorney, of Detloff's choosing, to represent him for purposes of his § 2255 Motion. In an Order issued on March 23, 2016, this Court denied Detloff's request for a specific attorney of his choosing, stating:

> **IT IS ORDERED** that Detloff's motion asking that a specific attorney of his choosing be appointed for him in this action is **DENIED WITH PREJUDICE.** This Court does not routinely appoint counsel for habeas petitioners at this stage of the proceedings but did so under the somewhat unusual circumstances presented here. If Detloff decides, at any point in these proceedings, that he does not want Robyn Frankel to represent him in this matter, he may notify the Court in writing that he no longer wishes her representation. But the Court expressly cautions Detloff that if he does so, this Court does not intend to appoint new counsel for Detloff (ie., Detloff would continue *pro se* in this matter from that point onward).

(D.E. No. 111 at Pg ID 645). The Court also gave the parties deadlines for the filing of Detloff's amended § 2255 motion and the briefs to be filed in connection with it.

5

On September 1, 2016, Detloff filed a Motion (D.E. No. 115) wherein he stated that he no longer wished to be represented by Frankel and that he preferred to proceed *pro se*. Detloff further stated that he wished the "updated briefing schedule [to] remain in place," with a September 22, 2016 deadline for the filing of his amended § 2255 motion. This Court granted Detloff's request and terminated Frankel's representation of Detloff in this case, leaving Detloff proceeding *pro se*. (D.E. No. 116).

On September 14, 2016, Detloff filed his Amended § 2255 Motion. (D.E. No. 117). In it, Detloff asserts three ineffective of assistance of counsel claims.

First, Detloff asserts that Mr. "Goldberg, counsel during evidentiary hearings on a motion to suppress, provided ineffective assistance. His errors caused evidence to be admitted that would have otherwise been suppressed, leaving no grounds for supporting an indictment." (D.E. No. 117 at Pg ID 822).

As his second ground for relief, Detloff asserts that "Mark Satawa, counsel during plea negotiations and sentencing, provided ineffective assistance. These errors caused a more severe sentence than the proper guideline range." (D.E. No. 117 at Pg ID 823).

As his third claim, Detloff asserts that his appellate counsel "failed to investigate or raise the intended loss and number of victims issues. He also failed to investigate or understand the law as it pertained to the case and missed the benefit of the district courts error." (D.E. No. 117 at Pg ID 825). As the facts supporting this third claim, Detloff asserts: "Kevin Schad, appellate counsel, was deficient for not raising two issues the district court inadvertently carved out during the plea colloquy." (*Id.*).

Detloff's motion asks the Court to grant the following relief: "that the evidence be

suppressed and my sentence be vacated. In the alternative, I should be remanded for resentencing, or at a minimum, a Certificate of Appealability issue and be permitted to raise the merits of the illegal searches, intended loss, and number of victims before the Sixth Circuit Court of Appeals." (D.E. No. 117 at Pg ID 831).

The Government filed its response in opposition to the motion on October 21, 2016 (D.E. No. 118), and Detloff filed his reply brief on January 9, 2017. (D.E. No. 120).

## ANALYSIS

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to 28 U.S.C. section 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 F. App'x

7

73, 76 (6th Cir. 2003). It is well established that when a defendant files a section 2255 motion, he or she must set forth facts establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted).

Here, Detloff asserts various ineffective-assistance-of-counsel claims concerning his representation by Goldberg, Satawa, and Schad.

## I. Detloff's Ineffective-Assistance-Of-Counsel Claims Concerning Goldberg's Representation Are Denied For Lack Of Merit.

The familiar United States Supreme Court decision in *Strickland v. Washington*, 466 U.S. 688 (1984) governs this Court's analysis of most ineffective assistance of counsel claims. That is, the "*Strickland* Court announced a two-part test to be applied in the *usual case*: a showing of seriously deficient performance coupled with a showing 'that the deficient performance prejudiced the defense.'" *Rickman v. Bell*, 131 F.3d 1150, 1154 (6th Cir. 1997) (emphasis added). This is the standard that applies to Detloff's claims concerning Goldberg.

"In *Strickland*, the Supreme Court articulated a two-component test that must be satisfied for a defendant to demonstrate that a counsel's performance was so defective as to require reversal of a conviction . . . ." *Lint v. Preselnik*, 542 F. App'x 472, 475 (6th Cir. 2013). "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

To establish deficient performance, the defendant must show that "counsel's representation fell below the objective standard of reasonableness." *Lint,* 542 F. App'x at 475, citing *Strickland*, 466 U.S. at 688. Judicial scrutiny of counsel's performance is highly deferential, and this Court

8

must apply the strong presumption that counsel's representation fell within the wide range of reasonable professional conduct. *Lint,* 542 F. App'x at 475-76 (citing *Strickland*, 466 U.S. at 689). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Thus, Petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2002) (citation and internal quotations omitted).

To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The likelihood of a different result "must be substantial, not just conceivable." *Lint*, 542 F. App'x at 476 (citing *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011)).

Detloff asserts that Goldberg provided ineffective assistance of counsel to him in connection with how he handled a pretrial motion to suppress evidence.

During his representation, Goldman filed and fully pursued a motion to suppress evidence seized from the vehicle that Detloff had been driving on the date of his arrest (a rental vehicle that had been reported as stolen). Goldman filed several briefs in support of his motion, examined witnesses and evidence during the evidentiary hearings, which were held over the course of several days, and orally argued in support of the motion. Despite his efforts, Goldman was unsuccessful in that this Court ultimately denied the motion in an Opinion & Order.

Detloff now faults Goldberg, and contends that he provided ineffective assistance of counsel, because Goldberg did not seek to admit, as exhibits, reports that were used during the course of the evidentiary hearing.

9

A court hearing an ineffective assistance of counsel claim must consider the totality of the evidence. *Strickland*, 466 U.S. at 695. In evaluating this claim, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *West v. Sebold*, 73 F.3d 81, 84 (6th Cir. 1996).

The Court finds that Detloff has not met his burden of establishing this claim by a preponderance of the evidence. First, the Court is not persuaded that Goldberg's decision not to seek the admission of various reports as exhibits fell below an objective standard of reasonableness.

"Where defense counsel's failure to litigate a Fourth Amendment claim competently" is the alleged ineffectiveness, "the defendant must also prove that his Fourth Amendment claim is meritorious." *Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986). Detloff has not done so.

This Court's decision on the motion would not have been altered if the reports at issue, that were used in connection with examining the witnesses, had been admitted as exhibits at the hearing. Even with those reports, this Court would still conclude that Officer Edgar was not acting in bad faith or for the sole purpose of investigation.

Moreover, in opposing the motion, the Government presented several reasons why the motion lacked merit. Thus, even if this Court had been persuaded by the defense's arguments on the inventory search issue, additional grounds for denying the motion remain. For example, as this Court noted in the Opinion & Order, but did not fully address because it was unnecessary to do so, Detloff lacked standing to challenge the search of the vehicle. *See, e.g., United States v. Harris*, 1995 WL 111465 at * 2 (6th Cir. 1995) (concluding that the defendant "lack[ed] standing to challenge the validity of the search as he fled the scene, thereby abandoning any expectation

of privacy in the car.").

Detloff's claim that Goldberg was ineffective for not filing a motion for reconsideration of this Court's ruling on the motion to suppress does not fare any better. Had Goldberg filed a motion for reconsideration asserting, as Detloff does now, that the Court erred by citing a Ninth Circuit case, this Court would have denied the motion.

### II.     Detloff's Claim That Satawa Provided Ineffective Assistance Of Counsel In Connection With His Plea Agreement Is Denied For Lack Of Merit.

In his motion and supporting briefs, Detloff asserts that Satawa provided him with ineffective assistance of counsel during the plea phase of his case. Detloff suggests that Satawa pressured him into accepting the Rule 11 Agreement. (D.E. No. 117 at Pg ID 840).

This claim is belied by the record. The transcript of Detloff's plea hearing includes the following:

> THE COURT: Mr. Detloff, have you heard the charges that have been made against you?
>
> DEFENDANT DETLOFF: Yes, I have.
>
> THE COURT: And have you discussed the charges, as well as the sentencing consequences of these charges with your attorney?
>
> DEFENDANT DETLOFF: Yes, I have.
>
> THE COURT: And has Mr. Satawa answered each and every question that you've had regarding the charges, as well as the sentencing consequences of the charges?
>
> DEFENDANT DETLOFF: Yes, he has.
>
> THE COURT: Now, it's my understanding that you've executed a Rule 11 Plea Agreement which has been marked as Exhibit One; is that correct?
>
> DEFENDANT DETLOFF: That's correct.
> . . . .

11

THE COURT: Before you signed that document, did you read the document, as well as the attached worksheets, which are worksheets A, B, C, which consists of two pages, D, and E, which consists of three pages?

DEFENDANT DETLOFF: Yes, I did.

THE COURT: Before you signed that document, did you review the document with your attorney?

DEFENDANT DETLOFF: Yes, I did.

THE COURT: And before you signed that document, which is Exhibit One, did your attorney, Mr. Satawa, answer each and every question that you had regarding anything contained in the Rule 11 Agreement, as well as the attached worksheets?

DEFENDANT DETLOFF: Yes, he did.

THE COURT: All right. Do you have any questions at all regarding anything contained in the Rule 11 Agreement, as well as the attached worksheets?

DEFENDANT DETLOFF: No, I don't.

THE COURT: And has Mr. Satawa, answered each and every question that you've had regarding your case?

DEFENDANT DETLOFF: Yes.

THE COURT: Are you satisfied with the advice and service that Mr. Satawa has provided you in your case?

DEFENDANT DETLOFF: Yes, I am.
. . . .

THE COURT: Any anyone tried to force you plead guilty by any mistreatment or pressure?

DEFENDANT DETLOFF: No, sir.

THE COURT: Are you pleading guilty to Count Four freely and voluntarily, because you are guilty and it is your choice to plead guilty to Count Four?

DEFENDANT DETLOFF: Yes, sir.

(D.E. No. 93 at Pg ID 444-46 & 454).

### III. Detloff's Constructive-Denial-Of-Counsel Claim Concerning Satawa's Conduct At Sentencing Has Merit And Entitles Detloff To Be Resentenced On His Mail Theft Conviction.

In his motion, Detloff argues that he was constructively denied counsel at sentencing. A different standard applies to this claim, as the Sixth Circuit noted on direct appeal in this case:

> Defendant argues that he was constructively denied counsel at sentencing, a critical stage of the proceedings, in violation of his rights under the Sixth Amendment. *See Van v. Jones,* 475 F.3d 292, 299 (6th Cir. 2007) (discussing sentencing as a critical stage); *Moss v. Hofbauer*, 286 F.3d 851, 860 (6th Cir. 2002) (citing *United States v. Cronic*, 466 U.S. 648, 658-62, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (recognizing the theory of constructive denial of counsel). Constructive denial of counsel occurs where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or another "constitutional error of the first magnitude" violating the right to counsel is shown. *Hofbauer*, 286 F.3d at 860 (quotation marks omitted); *see, e.g. Rickman v. Bell,* 131 F.3d 1150 (6th Cir. 1997) (finding a *per se* violation of the right to counsel where the defense attorney displayed continual hostility to and contempt for his client); *United States v. Herrera-Zuniga*, 571 F.3d 568, 591-93 (6th Cir. 2009) (discussing possibility that defense counsel's submission of a letter to the court castigating his client and describing him as unworthy of empathy and "at the bottom of society's hierarchy" as apparent professional malfeasance potentially constituting *per se* ineffectiveness). Constructive denial of counsel constitutes structural error requiring no further showing of prejudice. *Hofbauer*, 286 F.3d at 860.

*United States v. Detloff,* 794 F.3d 588, 593–94 (6th Cir. 2015).

The Sixth Circuit declined to rule on Detloff's claim that he was constructively denied counsel at sentencing in connection with the direct appeal. It noted, however, that Detloff "may raise the claim in post-conviction proceedings" (*Id.* at 595), and Detloff has now done so.

As noted above, prejudice is presumed when there has been a constructive denial of counsel. Prejudice is also presumed when counsel is burdened by a conflict of interest, because in those circumstances, counsel breaches the duty of loyalty, which is "perhaps the most basic of

counsel's duties." *Id.* (citing *Strickland*, at 692).

When considering whether there has been a constructive denial of counsel at sentencing, the fundamental question is whether the process has "lost its character as a confrontation between adversaries." *Rickman v. Bell*, 131 F.3d 1150, 1155 (6th Cir. 1997) (citing *Cronic,* 466 U.S. at 656-57). If so, it is not necessary to demonstrate prejudice in order to show a Constitutional violation. A constructive denial of counsel may occur when, although counsel for the defendant is present, counsel fails to subject the prosecution's case to *meaningful adversarial testing*. *Id.*

In *Rickman*, the Sixth Circuit concluded that defense counsel's failure to advocate for his client's cause, and expressions of hostility towards his own client, amounted to a constructive denial of the defendant's right to assistance of counsel. In that case, the defense counsel failed to construct a rational defense theory. But beyond that, defense counsel also displayed a "personal antagonism" toward his client and actually elicited information detrimental to the defendant's interests. *Id.* at 1158. The Sixth Circuit noted that the practical effect of defense counsel's behavior was to "provide [defendant] not with a defense counsel, but with a second prosecutor." *Id.* at 1157. It further noted that, "[i]n our view, [defendant] would have been better off to have been merely denied counsel; as it was, he had to endure attacks from his own attorney that equaled or exceeded those of the prosecution." *Id*. at 1157. It explained that courts have consistently "treated similar behavior as an abandonment of the duty of loyalty, or as a conflict of interest" because defense counsel's performance was "worse than no representation at all." *Id*. at 1159.

With the benefit of time, reflection, and hindsight, and the opportunity to fully review the

14

written transcripts of the proceedings, this Court concludes that Detloff was constructively denied counsel during his representation by Satawa at sentencing.

On July 14, 2014, the Court heard oral argument on Detloff's motion seeking to withdraw his guilty plea. At that time, Satawa told the Court that Detloff's arguments in support of his motion were without merit, affirmatively stating that the "Interstate Agreement on Detainers does not apply to Mr. Detloff." (D.E. No. 90). Satawa also stated on the record, three times, that Satawa did not believe that Detloff had a good faith basis to withdraw his guilty plea, and commented that Detloff was "gaming the system." (*Id.*).

At the July 16, 2014 sentencing hearing, this Court entertained objections as to the presentence report, argument as to the appropriate sentence for Detloff's mail theft conviction, and also heard arguments as to Detloff's sentence for a supervised release violation.

Although Satawa had asked to withdraw prior to sentencing, Detloff had advised the Court during the July 14, 2014 hearing that he wished Satawa to continue representing him in this case. As result, in an attempt to protect Detloff's Constitutional right to counsel at sentencing, this Court ordered Satawa to act as standby counsel to Detloff. Despite this Court's good intentions, however, Satawa's conduct was such that, like the defendant in *Rickman*, Detloff "would have been better off" at his sentencing hearing if he had proceeded without the assistance of Satawa.

During the sentencing hearing, Detloff proceeded to argue his *pro se* objection to the calculation of loss and the number of victims for the mail theft charge. In doing so, Detloff advised the Court "I still have not seen a list of the victims and how this relates. Is there a victim list?," "because I still don't know who the victims are or where they're getting the amounts."

(D.E. No. 91 at Pg ID 392).

Without Detloff asking his standby counsel for any assistance or advice, Satawa then interjected to advise the Court that Satawa had personally reviewed the discovery in the case and verified the existence of the documents underlying the Government's calculation:

> MR. SATAWA: Your Honor, I will state that I had the opportunity to review the discovery in this case in the United States Attorney's Office. That took place on February 27, 2014 in preparation for trial of this case. I spent over an hour, I believe an hour and a half reviewing the discovery in this case in Mr. Wilkins' office – or actually in a conference room. I was shown a copy of every piece of stolen mail as well as every check referenced. I was also given a spreadsheet that summarized those items. Mr. Wilkins can certainly provide us with the numbers as it relates, but I can verify for purposes of the sentencing and my client's question that I've seen not just the spreadsheet, but the underlying documents.

(*Id.*).

When the Court noted that Satawa had filed a Motion for Variance on behalf of Detloff, Satawa was allowed to argue the motion. Satawa then asked for a thirty-month sentence, but in doing so, twice reminded the Court that he was making that motion "although" Satawa disagreed with Detloff's position:

> THE COURT: Okay. Mr. Satawa . . . I note you have filed a Motion for Variance.
>
> MR. SATAWA: I have, Your Honor. Although I disagree with Mr. Detloff in his analysis in the motion to dismiss the Indictment based on Interstate Agreement on Detainer violation.
>
> THE COURT: I apologize. Your Motion for Variance would be 30 months, correct? That's what you're requesting, a variance of 30 months?
>
> MR. SATAWA: One second, Your Honor. My client has a question. Your Honor, my motion in essence is asking for a 30-month sentence which has already been served, and for Mr. Detloff to be in essence sentenced to time served.
> Although I disagree with him about his interpretation of the Interstate Agreement on Detainers . . .

16

(D.E. No. 91 at Pg ID 396).

During that same hearing, the Court also sentenced Detloff for a supervised release violation. In connection with that, Satawa advised the Court that Detloff instructed him to object and advise the Court that the violation was a Grade B violation, not a Grade A violation. (D.E. No. 91 at Pg ID 410). Detloff then spoke, questioning "what's the Grade A violation?" (*Id.*). The probation officer and Counsel for the Government then asserted that it was a Grade A violation. *(Id.* at 410-11). Over Detloff's objection, Satawa then agreed with the Government, and affirmatively represented to the Court that "It's a Grade A violation." (*Id.* at 412).[1]

As in *Rickman,* the overall effect of Satawa's representation at sentencing was to provide Detloff not with effective defense counsel, but with what amounted to a second prosecutor.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Petitioner's § 2255 Motion is **DENIED** as to his ineffective-assistance-of-counsel claims pertaining to Goldberg's representation, and as to his claim pertaining to Satawa's representation during the plea phase. **IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE** a Certificate of Appealability as to those claims.

**IT IS ORDERED** that Detloff's motion is **GRANTED** as to his claim that he was constructively denied counsel at sentencing, by virtue of Satawa's conduct at sentencing. As such, the Court **ORDERS** that Detloff is entitled to be **RESENTENCED** by this Court as to his

---

[1]In connection with Detloff's direct appeal, the Government "concede[d] that its classification of Defendant's state conviction as a Grade A violation was error because the charge was not a crime of violence under this Court's precedent." *United States v. Detloff*, 794 F.3d at 594. Thus, the Sixth Circuit vacated Detloff's supervised release sentence and remanded for resentencing. *Id.* at 595.

mail theft conviction in Criminal Case No. 13-20298.[2]

**IT IS FURTHER ORDERED** that Counsel shall be appointed to represent Detloff for purposes of his resentencing. The Court will not allow Detloff to proceed in a "hybrid" fashion (ie., being represented by counsel but still filing submissions on his own and making legal arguments on his own). If Detloff determines that he does not wish the newly-appointed attorney to represent him, then the Court will discharge that attorney upon written request by Detloff. In that event, however, the Court will not appoint another attorney to represent Detloff at sentencing and Detloff would proceed to resentencing *pro se.*

The Court **ORDERS** the parties to appear for a **Status Conference**, to discuss Detloff's resentencing, on **May 24, 2017 at 4:00 p.m.**

**IT IS SO ORDERED.**

Dated: March 28, 2017

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on March 28, 2017, the foregoing document was served on counsel of record via electronic means and upon Scott Detloff via First Class mail at the address below:

Scott R Detloff 54185060
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
Joint Base MDL, NJ 08640

s/J. McCoy
Case Manager

---

[2]Given the Court's ruling that Detloff is entitled to be resentenced, Detloff's ineffective assistance-of-counsel claims concerning his representation by Schad are moot and need not be addressed by the Court.